UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERTSON,<br><br>                              Plaintiff,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>                              Defendant. | CASE NO. 13-CV-1460 W (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT [DOC. 17]** |

Plaintiff Jack Robertson requests leave to amend the Complaint. Defendant City of San Diego opposes. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **DENIES** the motion [Doc. 17].

I.   BACKGROUND

Plaintiff Jack Robertson is a California resident with physical disabilities. (*Comp.* [Doc. 1], ¶ 1.) He is suing Defendant City of San Diego for the alleged lack of physical accessibility for persons with disabilities to the La Jolla Children's Pool, located in La Jolla, California. (*Id.*, ¶ 16.)

1   According to the present motion, on February 24, 2014, the San Diego City Council decided to close the Children's Pool each year during harbor seal pupping season, which runs from approximately December 15 until May 15. (*P&A* [Doc. 17-1], 1:11–13.) Plaintiff, therefore, seeks to amend the Complaint to allege the following:

- The Childrens' Pool is an essential component in the City of San Diego's overall beach program; and
- Closing the Childrens' Pool during a significant portion of the year would amount to a denial of programmatic access under Title II of the ADA and related civil rights law.

(*Id.*, 1:15–19.) Defendant opposes the motion.

## II.   DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court. Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted). Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

Here, Defendant argues the motion to amend should be denied because the proposed amendment would be futile. Specifically, Defendant contends that any claim based on its plan to close the Childrens' Pool during harbor seal pupping season is contingent on future events and thus not ripe. (*Opp.* [Doc. 18], 1:8–11.) In support of this argument, Defendant contends that before the beach closing could occur, the

1  California Coastal Commission must certify the City's plan. (*Id.*, 2:23–3:2.)
2  Certification will require the City to first submit an application that includes
3  approximately 6,500 pages of citizen comments on the issue, and then to obtain a
4  hearing in San Diego before the Commission. (*Id.*, 3:11–18, citing *Zirkle Dec.* [Doc. 18-
5  1], ¶¶ 6–8.) However, the Commission will only hold hearings in San Diego one more
6  time this year, from August 13–15, 2014. (*Id.*, 3:18–20, citing *Zirkle Dec.* ¶ 8.)
7  Therefore, at this point, it is unclear whether the matter will even be heard this year.

8        Plaintiff does not dispute that the City's plan to close the Childrens' Pool is
9  contingent on the Coastal Commissions certification or that it is unclear whether the
10 matter will be heard this year. Instead, Plaintiff argues in his reply that the proposed
11 amendment is not a "direct challenge to the City's proposed ordinance." (*Reply* [Doc.
12 19], 2:16–19.) In other words, Plaintiff appears to be asserting that the lack of ripeness
13 does not matter because he is not alleging that the closing of the Children's Pool
14 violates the ADA or any other law. The Court is not persuaded by Plaintiff's argument.

15       First, Plaintiff's moving papers directly contradict the argument asserted in his
16 reply. Although Plaintiff now contends that he is not seeking to directly challenge the
17 City's ordinance, in his moving papers Plaintiff acknowledges that he is seeking to
18 contend that closing the Childrens' Pool constitutes a violation of the ADA and related
19 civil rights laws:

> The plaintiff seeks to amend his complain [sic] to allege that . . . closing it off during a significant portion of the year would amount to a denial of programmatic access under Title II of the ADA and related civil rights law.

(*P&A*, 1:14–19.) Additionally, in addressing the factors used to consider a request for leave to amend, Plaintiff specifically argued:

> the relevant *claims* have not been adjudicated, the claims are not preempted, *the claims do state a cause of action against the parties*, and the modification of the complaint is not futile.

(*P&A*, 6:3–6 (emphasis added).) Thus, Plaintiff's moving papers acknowledge that he is seeking to assert a *cause of action* based on the City's plan to close the Childrens' Pool.

Second, the proposed amendment includes adding to the prayer for relief a request that Defendant be compelled to "keep the Children's Pool open year round." (*Proposed Amended Compl.* [Doc. 17-2], 6:17–18; *Reply*, 3:21–23.)  Such a request necessarily requires Plaintiff to directly challenge the City's ordinance.  Otherwise, there would be no basis for this Court to order the City to keep the Children's Pool open year round, including during harbor seal pupping season.  Because there is no dispute that such a challenge is not ripe, the Court finds Plaintiff's proposed amendment would be futile.  See W. Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d 1287, 1291 (9th Cir. 1990) (holding that challenge to land use ordinances was not ripe because ordinances needed approval by the California Coastal Commission).

## III.  CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend is **DENIED** [Doc. 17].

**IT IS SO ORDERED**.

DATED:  May 21, 2014

_____
Hon. Thomas J. Whelan
United States District Judge