1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   JACK ROBERTSON,                        Civil No.    13cv1460 W (JLB)

                               Plaintiff,
12                                          **ORDER DENYING**
13            v.                            **DEFENDANT'S RULE 35**
                                            **MOTION FOR A MENTAL**
14   CITY OF SAN DIEGO, *et al.*,           **EXAMINATION OF THE**
                                            **PLAINTIFF**
15                             Defendants   **[ECF No. 41]**

16

17            On October 31, 2014, Defendant City of San Diego ("Defendant") filed a Rule

18   35 Motion for a Mental Examination of the Plaintiff, along with a declaration of Dr.

19   Dominick Addario.  (ECF No. 41.)  Plaintiff Jack Robertson ("Plaintiff") filed an

20   Opposition (ECF No. 44), and Defendant filed a Reply (ECF No. 47).  For the reasons

21   set forth below, Defendant's Motion is **DENIED**.

22            **I.  FACTUAL AND PROCEDURAL BACKGROUND**

23            Plaintiff Jack Robertson, a California resident with physical disabilities, filed

24   a Complaint on June 25, 2013.  The Complaint alleges lack of physical accessibility

25   for persons with disabilities to the La Jolla Children's Pool, located in La Jolla,

26   California. (ECF No. 1.)  The Complaint further provides:

27            The only method of access from the public streets and right of way
             to the La Jolla Children's Pool beach is by a flight of stairs.  There
28

                                              1
                                                                              13cv1460

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

is no accessible path of travel for persons with disabilities. Each time that the plaintiff has swum at the Children's Pool, he has been bodily carried down the stairs by others. This is scary, frustrating, discomforting, embarrassing and difficult. Additionally, the plaintiff is unable to independently gain access to the beach. The lack of access and the inaccessible paths of travel have precluded the plaintiff from enjoying the Children's Pool beach on a full and equal basis.

(*Id.* at 3.) The Complaint sets forth two causes of action: (1) violation of American's With Disabilities Act; and (2) violation of California Disabled Persons Act. (*Id.* at 1.)

On March 25, 2014, Plaintiff filed a Motion for Leave to File a First Amended Complaint. (ECF No. 17.) On May 21, 2014, United States District Judge Thomas J. Whelan denied Plaintiff's Motion. (ECF No. 23.) On October 31, 2014, Defendant filed the instant Motion, seeking an order from this Court requiring Plaintiff to submit to a mental examination by the Defendant's psychiatric expert, Dr. Dominick Addario. (ECF No. 41.)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 35(a) provides that a Court may order a medical examination if a litigant's physical or mental condition is "in controversy" and there is a showing of good cause. "Rule 35 is to be 'construed liberally to allow the examination.'" *Sanders v. Holdings*, No. 11cv1590 LAB (MDD), 2012 WL 2001967, at *2 (S.D. Cal. June 4, 2012) (citing *Tan v. City and Cnty. of S.F.*, No. C 08–01564 MEJ, 2009 WL 594238, at *2 (N.D. Cal. Mar. 4, 2009)). When ordering an examination, the Court "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

"A plaintiff's mental or physical condition is 'in controversy' when such condition is the subject of the litigation." *Hernandez v. Simpson*, No. ED CV 13–2296–CBM (SPx), 2014 WL 4090513, at *2 (C.D. Cal. Aug. 18, 2014) (citing *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013)). In determining whether a litigant's mental state is "in controversy," courts in this district

apply the test outlined in *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).

In *Turner*, the Court held that a mental examination may be ordered when one or more of the following circumstances are present:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Id*. "In assessing whether 'good cause' exists, courts have considered 'the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress.'" *Conforto v. Mabus*, No. 12cv1316 W (BLM), 2014 WL 3407053, at *3 (S.D. Cal. July 10, 2014) (quoting *Juarez v. Autozone Stores, Inc.*, No. 08cv417 L (BLM), 2011 WL 1532070, *1 (S.D. Cal. Apr. 21, 2011)).

## III.  DISCUSSION

In its Motion, Defendant seeks a Court order compelling Plaintiff to undergo a mental examination.  Defendant argues that "Plaintiff's mental condition is at issue because Plaintiff intends to seek emotional distress damages allegedly caused by the City for repeated violations of the Americans with Disabilities Act."  (ECF No. 41 at 1.)  Plaintiff opposes the Motion, arguing that he has not put his mental condition at issue and that Defendant has failed to show that good cause exists for the examination.  (ECF No. 44.)

### A. Whether Plaintiff's Mental Condition Is "In Controversy"

In arguing that Plaintiff has put his mental condition at issue, Defendant states:

> Since 1997, the Plaintiff has experienced approximately 100 instances of anger, anxiety, nervousness, and feelings of discrimination allegedly caused by the City's failure to provide him

13cv1460

1
2
3
4

access to Children's Pool Beach.  His longstanding emotional problems are now compounded by his disappointment at the City for its alleged failure to install an access ramp in conjunction with the construction of a new Lifeguard Station at the Pool.  Due to the duration of Plaintiff's emotional distress-occurring over four decades-Plaintiff is seeking damages for more than just hurt feelings or lingering resentment.

5   (*Id.* at 6.)  Defendant claims that a mental examination is necessary for the City to

6   defend itself.  (*Id.*)

7        To determine if Plaintiff's mental condition is in controversy, the Court must

8   evaluate the five *Turner* factors set forth above.  Under the first factor, Plaintiff has not

9   alleged a cause of action for intentional or negligent infliction of emotional distress.

10  (*See* ECF No. 1.)  Under the second factor, Plaintiff has not alleged that he suffers from

11  a specific mental or psychiatric injury or disorder.  To the contrary, Plaintiff has

12  "repeatedly testified that at no point did he ever feel the need to obtain psychiatric

13  treatment for any of the various emotions he felt as a result of Defendant's [alleged]

14  discrimination . . . ."  (ECF No. 44 at 3-4.)  Under the fourth factor, "Plaintiff has not

15  offered, and does not plan to offer[,] any expert testimony to support his emotional

16  distress claim."  (*Id.* at 5.)  As to the fifth factor, Plaintiff does not concede that his

17  mental condition is in controversy.  (*See* ECF No. 44.)

18       Defendant relies solely on the third *Turner* factor, arguing that Plaintiff's

19  emotional distress is unusually severe.  Defendant claims that Plaintiff's distress is not

20  "garden variety" emotional distress because Plaintiff has suffered over 100 instances

21  of negative feelings within a time period spanning four decades.  (ECF No. 41 at 5-6,

22  citing *Ortiz v. Potter*, 2010 WL 796960 at *3 (E.D. Cal. Mar. 5, 2010).)  Plaintiff

23  argues that "he has suffered nothing more than the natural feelings of abandonment,

24  difficulty, and anger that normally flow from acts of discrimination."  (ECF No. 44 at

25  5.)

26       The Court finds Defendant's argument unpersuasive.  Plaintiff's emotional

27  distress can best be characterized as "garden variety."  "Garden variety [claims are]

28  claims of generalized insult, hurt feelings, and lingering resentment [that] do not

1   involve a significant disruption of the plaintiff's work life and rarely involve more than

2   a temporary disruption to the claimant's personal life." *Ortiz*, 2010 WL 796960 at *3.

3       While Plaintiff experienced frustration and disappointment with each instance

4   of the alleged discrimination, it cannot be said that Plaintiff suffers from "longstanding

5   emotional problems" as argued by the Defendant.  (ECF No. 41 at 6.)  Furthermore,

6   Plaintiff has stated that he did not seek professional treatment for the distress he

7   experienced and that he was able to "alleviate [the distress] by [his] own coping

8   mechanisms."  (*Id*. at 5.)  Under *Turner*, "garden-variety" emotional distress alone is

9   insufficient to place a party's mental state in controversy because "Rule 35(a) was not

10  meant to be applied in so broad a fashion as to allow courts to order a mental

11  examination whenever a plaintiff claimed emotional distress." *Tan ,* 2009 WL 594238

12  at *1.

13      Given that none of the five *Turner* factors are implicated in the instant case, the

14  Court finds that Defendant has failed to establish that Plaintiff's mental condition is in

15  controversy.

16  **B.  Whether Defendant Has Established Good Cause**

17      Federal Rule of Civil Procedure 35(a) provides that a Court may order a medical

18  examination if a litigant's physical or mental condition is "in controversy" and there

19  is a showing of good cause.  Because Plaintiff's mental condition has not been placed

20  in controversy, the Court finds that Defendant has failed to meet the standard for

21  compelling an examination.

22                          **IV.  CONCLUSION**

23      For the reasons addressed above, Defendant's Rule 35 Motion For A Mental

24  Examination of the Plaintiff is **DENIED**.

25      **IT IS SO ORDERED.**

26  **DATED:  December 2, 2014**

27  _____
    **JILL L. BURKHARDT**
28  **United States Magistrate Judge**

13cv1460